Omid E. Khalifeh, SBN 267340
Ariana Santoro, SBN 300767
Lara A. Petersen, SBN 318475
**OMNI LEGAL GROUP**
2029 Century Park E, Suite 438
Los Angeles, California 90067
Phone:        310.276.6664
Facsimile:    310.305.1550
omid@omnilg.com
ariana@omnilg.com
lara@omnilg.com

Attorneys for Plaintiff,
LALTITUDE LLC

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LALTITUDE LLC, a California limited liability, <br><br> Plaintiff, <br><br> vs. <br><br> JC INGENIUM PTY LTD, an Australian private company; CARLOS CRUZ, an individual; and DOES 1-10, inclusive, <br><br> Defendants. | Case No.: 2:21-cv-8575-MCS-AFM <br><br> **PLAINTIFF'S STATUS REPORT** |

Pursuant to the Court's May 13, 2022 Order (Dkt. 17) which provided that plaintiff Laltitude LLC ("Plaintiff") shall file a status report, Plaintiff hereby respectfully submits this Status Report stating as follows:

## I.  SUMMARY OF FACTUAL BACKGROUND

For years, Plaintiff has been a prominent provider of fun and educational toys, including its popular "Magnetic Brick Tiles" and "Magnetic Building Tiles." *See* Dkt. 1, ¶ 21, Ex. A. After Plaintiff first offered the aforementioned collection, defendants JC Ingenium Pty Ltd. ("JC") and Carlos Cruz ("Cruz" and collectively, "Defendants") began offering for sale "MAGBRIX" purporting to be "magnetic brick tiles." *Id.*, ¶ 22. Defendants have submitted numerous takedown claims through Amazon.com based on purported Australian patent rights, thereby causing various of Plaintiff's products to be removed from its Amazon.com storefront. *Id.*, ¶¶ 23, 24, Ex. C-D. In such notices, Defendants failed to include any United States patent number nor did they clearly set forth any valid basis for infringement. *Id.*

To address Defendants' wrongful and unwavering conduct, Plaintiff initiated the present litigation alleging claims for (1) declaratory judgment of non-infringement of patent; (2) unfair competition under California Business & Professions Code § 17200 *et seq.*; and (3) intentional interference with prospective economic relations. *See id., passim*. In order to effect service on Defendants, on or around December 14, 2021, Plaintiff mailed copies of the Summons (Dkt. 9, 10), Complaint (Dkt. 1), Notice to Counsel (Dkt. 8), Statement of Consent to Proceed Before a United States Magistrate Judge (Dkt. 8-1), and Important Reminder Notice (Dkt. 11), attached to Request for Service forms, to the Private International Law Unit at the Australian Government Attorney-General's Department, the Central Authority of that country (the "Central Authority"), in compliance with the requirements of the Hague Convention. *See* Dkt. 15-1, ¶ 4, Ex. A.

On January 29, 2022, this Court ordered Plaintiff to show cause why this action should not be dismissed without prejudice under Federal Rule of Civil

Procedure 4(m). *See* Dkt. 14. On February 8, 2022, Plaintiff submitted a Response, which detailed the efforts Plaintiff had made to effectuate service on Defendants pursuant to the Hague Convention. *See* Dkt. 18. As a result of Plaintiff's Response, the Court discharged the Order to Show Cause. *See* Dkt. 16. On May 13, 2022, the Court issued an Order Setting Date for Updated Status Report re Service, to which Plaintiff hereby responds.

**II.   UPDATED FACTUAL INFORMATION**

On February 15, 2022, Plaintiff's counsel sent an email to the Central Authority inquiring into whether Plaintiff's request for service of process had been received and the status of the same. *See* Declaration of Lara A. Petersen ("Petersen Decl."), ¶ 3, Ex. A. On March 16, 2022, having not received any response to this communication, Plaintiff's counsel sent a follow-up email to the Central Authority requesting the same information. *Id.*, ¶ 4, Ex. A. On March 17, 2022, Emily Peck from the Central Authority informed Plaintiff's counsel that they have processed and forwarded the request to the receiving authority on February 3, 2022. *Id.*, ¶ 5, Ex. A.

Because Ms. Peck only referred to one of the Defendants in her email, Plaintiff's counsel requested confirmation that the Central Authority had received both requests for service. *Id*. On March 29, 2022, Ms. Peck confirmed the same and requested that Plaintiff's counsel send digital copies of the requests for service. *Id.*, ¶ 6, Ex. A. On March 31, 2022, Plaintiff's counsel provided the requested digital copies. *Id*.

On May 11, 2022, Plaintiff's counsel sent an email to Ms. Peck inquiring into whether Defendants had been served. *Id.*, ¶ 7, Ex. A. On May 16, 2022, Ms. Peck responded that the documents were served on Defendants on April 27, 2022. *Id.*, ¶ 8, Ex. A. Ms. Peck further advised that the Central Authority would forward the Certificate and Affidavits of Service once they received those documents from the state authorities. *Id*. It is, therefore, Plaintiff's intention to promptly file proofs of service once it receives such documentation from the Central Authority.

**III.   CONCLUSION**

Plaintiff respectfully submits to this Court this Status Report. It is Plaintiff's position that service of process was effectuated on April 27, 2022 and that the Central Authority will forward evidence of such service once it has been received. At such time that these proofs are received, Plaintiff will file the appropriate documentation with the Court.

RESPECTFULLY SUBMITTED this 24th day of May, 2022.

**OMNI LEGAL GROUP**

Omid E. Khalifeh
Ariana Santoro
Lara A. Petersen
Attorneys for Plaintiff,
LALTITUDE LLC