UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LALTITUDE LLC, a California limited liability,<br><br>            Plaintiff,<br><br>       v.<br><br>JC INGENIUM PTY LTD, an Australian private company; CARLOS CRUZ an individual; and DOES 1-10, inclusive,<br><br>            Defendants. | Case No. 2:21-cv-08575-MCS-AFM<br><br>**ORDER RE: DEFENDANTS' MOTION TO DISMISS AND/OR STRIKE COMPLAINT (ECF NO. 24)** |

      Plaintiff Laltitude LLC brought this suit after Defendants JC Premium Pty Ltd and Carlos Cruz sent a takedown notice to Amazon.com seeking to have Plaintiff's products removed from Amazon's online storefront. (Compl. ¶ 24, ECF No. 1.) Plaintiff seeks declaratory judgment of non-infringement of a patent, and brings claims for unfair competition under California Business and Professions Code section 17200 *et seq.* and intentional interference with prospective economic relations. (*Id.* ¶¶ 30–47.) Defendants moved to dismiss the complaint for lack of personal jurisdiction and to strike the state law claims under California's anti-SLAPP statute (Cal. Civ. Proc. Code

1

§ 425.16(b)(1)). (Mot., ECF No. 24.) Plaintiff filed an opposition, (Opp'n, ECF No. 28), and Defendants replied, (Reply, ECF No. 29). The Court deems the motion appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.

I.  BACKGROUND

The parties are business competitors who sell educational toys, "including magnetic brick tiles and blocks." (Compl. ¶ 1.) Defendant JC Premium is a company headquartered and formed under the laws of Australia. (Compl. ¶ 5; Cruz Decl. ¶ 2, ECF No. 24-2.) Defendant Cruz is a citizen and resident of Australia. (Compl. ¶ 6; Cruz Decl. ¶ 2.) Plaintiff contends that Defendants "offer for sale their magnetic brick tiles on Amazon.com and their own websites." (Opp'n 2 (citing Compl. ¶¶ 1, 17, 22 & Ex. B, and Khalifeh Decl. ¶ 3 & Ex. A, ECF No. 28-1).) On their websites "Defendants advertise 'worldwide shipping available' and/or 'worldwide delivery available.'" (*Id.* (citing Compl. Ex. B and Khalifeh Decl. ¶ 3 & Ex. A.) Plaintiff alleges that "[t]hrough one or more of these websites, Defendants have offered for sale and/or sold products to customers within the State of California." (*Id.* (citing Compl. ¶ 17).) Defendants claim they have no "presence in the United States," have "never sold products directly to California," and do not maintain any "offices, employees, bank accounts, telephone listing, mailing address in California or the United States." (Cruz Decl. ¶ 3.)

On or around June 5, 2020, Defendants filed for "an Australian design patent Application," (Compl. ¶ 23), that "embodies a magnetic brick tiles product that Defendants sell," (Mot. 9). On or around September 5, 2021, Defendants submitted one or more takedown notices to Amazon. (Compl. ¶ 24.) The parties do not dispute that Defendants did not provide "any United States patent number" and exclusively cited "an **Australian** patent **application** number" in the takedown notices. (Opp'n 2 (emphasis in original); *see* Mot. 9.) The Complaint alleges that the takedown notices resulted in Plaintiff's products being "removed from Plaintiff's online store on Amazon." (Compl. ¶ 27.)

The language in the Complaint is ambiguous as to the precise relief Plaintiff seeks. One possible interpretation is that Plaintiff does not seek a declaratory judgment with respect to any U.S. patent, but instead seeks "[e]ntry of an order declaring that Plaintiff's products do not infringe and have not infringed," (Compl., Prayer for Relief ¶ A), the Australian design patent application that "Defendants have accused Plaintiff of infringing," (*id.* ¶ 31). If this were the case, the Court would lack subject-matter jurisdiction over the declaratory judgment claim, as district courts lack subject-matter jurisdiction to hear infringement claims based on acts done in foreign countries that are alleged to have infringed foreign patents. *See Mars Inc. v. Kabushiki-Kaisha Nippon Conlux*, 24 F.3d 1368, 1373–75 (Fed. Cir. 1994) (concluding "a claim of infringement of a foreign patent does not constitute a claim of unfair competition within the meaning of [28 U.S.C.] section 1338(b)," and courts generally lack the power to exercise supplemental jurisdiction to hear foreign patent infringement claims).

In its opposition, however, Plaintiff clarifies its position, stating it "seeks a declaratory judgment that it does not infringe any **United States** patent." (Opp'n 10 (emphasis in original).) Because this interpretation is both reasonable and not disputed by Defendants, (*see generally* Mot., Reply), the Court concludes a declaration of non-infringement of a U.S. patent is the relief requested.

II. **LEGAL STANDARD**

Although the parties submit authorities applying the law of the Ninth Circuit, (*e.g.*, Mot. 9–10, Opp'n 3–4), "[t]he issue of personal jurisdiction in a declaratory action for non-infringement is 'intimately related to patent law' and thus governed by Federal Circuit law regarding due process." *Breckenridge Pharm., Inc. v. Metabolite Labs., Inc.*, 444 F.3d 1356, 1361 (Fed. Cir. 2006) (quoting *Silent Drive, Inc. v. Strong Indus., Inc.*, 326 F.3d 1194, 1201 (Fed. Cir. 2003)).

Federal Circuit law also applies in the personal jurisdiction inquiry as to non-patent claims "if 'the resolution of the patent infringement issue will be a significant factor' in determining liability under the non-patent claims." *Id.* (quoting *3D Sys., Inc.*

*v. Aarotech Labs., Inc.*, 160 F.3d 1373, 1377 (Fed. Cir. 1998)). Here, the state law claims of unfair competition and intentional interference will turn at least in part on the resolution of the patent controversy, (*see, e.g.*, Compl. ¶¶ 37, 44 (complaining of Defendants' submission of claims of patent infringement)), so Federal Circuit law applies to these claims as well.

Federal Rule 12(b)(2) allows a defendant to move to dismiss an action for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). When, as here, a motion to dismiss is based entirely on the pleadings or affidavits and not an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts, which are construed in the light most favorable to the plaintiff. *Avocent Huntsville Corp. v. Aten Int'l Co.*, 552 F.3d 1324, 1328–29 (Fed. Cir. 2008).

"There are two types of personal jurisdiction—general and specific." *Grober v. Mako Prods., Inc.*, 686 F.3d 1335, 1345 (Fed. Cir. 2012). "General jurisdiction arises when a defendant maintains contacts with the forum state that are sufficiently 'continuous and systematic,' even when the cause of action has no relation to those contacts." *Id*. (quoting *LSI Indus. Inc. v. Hubbell Lighting, Inc.*, 232 F.3d 1369, 1375 (Fed. Cir. 2000)). "Specific jurisdiction, on the other hand, depends on an affiliation between the forum and the underlying controversy" and arises when an "activity or an occurrence . . . takes place in the forum State and is therefore subject to the State's regulation." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (cleaned up).

In the absence of a federal statute governing personal jurisdiction, a district court must apply the law of the state in which the court sits. Fed. R. Civ. P. 4(k)(1)(A); *Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*, 566 F.3d 1012, 1017 (Fed. Cir. 2009). As part of this analysis, federal courts in California need only consider federal due process requirements because California's jurisdictional statute is coextensive with federal law. *See* Cal. Civ. Proc. Code § 410.10; *Autogenomics*, 566 F.3d at 1017. Federal due process allows a court to exercise specific jurisdiction over nonresident

defendants when they engage in "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation marks omitted).

To determine whether a court can exercise specific jurisdiction over a defendant, the Federal Circuit has adopted a three-part test. *Breckenridge Pharm.*, 444 F.3d at 1363. The court must conclude "(1) the defendant purposefully directed its activities at residents of the forum, (2) the claim arises out of or relates to those activities, and (3) assertion of personal jurisdiction is reasonable and fair." *Id.* "The plaintiff bears the burden of affirmatively establishing the first two elements of the due process requirement. If the plaintiff meets its burden, the burden shifts to the defendant to prove that personal jurisdiction is unreasonable." *Celgard, LLC v. SK Innovation Co.*, 792 F.3d 1373, 1378 (Fed. Cir. 2015) (citation omitted).

For a court to exercise personal jurisdiction over a nonresident defendant in an action for declaratory judgment of non-infringement, invalidity, or unenforceability of a patent, the defendant must have engaged in "other activities" directed at the forum and related to the cause of action besides letters threatening an infringement suit. *Avocent*, 552 F.3d at 1333 (quoting *Silent Drive*, 326 F.3d at 1202).

### III. ANALYSIS

The parties do not dispute that the Court lacks general jurisdiction over the Defendants. (*See* Compl. ¶¶ 17–19; Mot. 13.) Consequently, the outcome of this motion depends on whether Plaintiff has made a prima facie showing that Defendants purposefully directed their activities at the forum, and that the claims arise from those contacts. The Court's analysis is guided by the persuasive reasoning articulated in *Etekcity Corp. v. Devine LEDS Ltd.*, No. CV-19-1246 PSG (ASx), 2019 WL 7945607 (C.D. Cal. Oct. 30, 2019).

In *Etekcity*, the plaintiff was an Iowa corporation with its principal place of business in California, and the defendant was a foreign company based in Hong Kong.

*Id.* at *1. Both parties manufactured camping lanterns, and the plaintiff sold its lanterns on Amazon. *Id.* The defendant sent a "notice of patent infringement" to Amazon, at which point Amazon removed the plaintiff's lantern from its online storefront. *Id.* The plaintiff filed suit in the Central District of California asserting claims for "inequitable conduct, intentional interference with prospective economic advantage, and a declaratory action for patent invalidity." *Id.* The plaintiff claimed the defendant "established minimum contacts with California when it sent an infringement notice to Amazon that caused Amazon to take down Plaintiff's products" and that the defendant was subject to "personal jurisdiction . . . because Defendant [sold] its product in California through Amazon." *Id.* at *3 The defendant moved to dismiss the action for lack of personal jurisdiction. *Id.* at *1.

### A. Infringement Notice

As in *Etekcity*, "Plaintiff argues that Defendant[s] established minimum contacts with California when [they] sent an infringement notice to Amazon that caused Amazon to take down Plaintiff's products." *Etekcity*, 2019 WL 7945607, at *3. (*See* Opp'n 8 ("This dispute arose out of Defendants' express action of filing takedown notices against Plaintiff's product listings on Amazon.com.").)

The Federal Circuit has recognized that declaratory judgment actions for non-infringement apply a unique jurisdictional analysis.

> [T]he nature of the claim in a declaratory judgment action is to clear the air of infringement charges. Such a claim neither directly arises out of nor relates to the making, using, offering to sell, selling, or importing of arguably infringing products in the forum, but instead arises out of or relates to the activities of the defendant patentee in enforcing the patent or patents in suit. The relevant inquiry for specific personal jurisdiction purposes then becomes to what extent has the defendant patentee purposefully directed such enforcement

6

      activities at residents of the forum, and the extent to which the
      declaratory judgment claim arises out of or relates to those
      activities.

*Avocent*, 552 F.3d at 1332 (cleaned up). As a result, the Federal Circuit has "consistently required" that the defendant "have engaged in 'other activities' that relate to the *enforcement* or the *defense of the validity* of the relevant patents" beyond sending a notice of infringement. *Id.* at 1334. Such activities can "include initiating judicial or extra-judicial patent enforcement within the forum, or entering into an exclusive license agreement or other undertaking which imposes enforcement obligations with a party residing or regularly doing business in the forum." *Id.* An infringement notice on its own, however, is insufficient to establish specific personal jurisdiction. *Id.* ("[F]or the exercise of personal jurisdiction to comport with fair play and substantial justice, there must be 'other activities' directed at the forum *and related to the cause of action* besides the letters threatening an infringement suit." (internal quotation marks omitted)).

  "The infringement notice" sent to Amazon alone "is insufficient to create minimum contacts with California." *Etekcity*, 2019 WL 7945607, at *3. To the extent Plaintiff characterizes the takedown "of its California-based products as extra-judicial enforcement in California, this is mistaken. Just as in *Avocent*, where the court held that a defendant's infringement letter to Amazon related to an Alabama-based plaintiff did not create minimum contacts with Alabama, Defendant's [notice] to Amazon does not create California contacts in this case." *Id.* (citation omitted).

  Here, "Plaintiff sent the [notice] to Amazon" and not to Plaintiff. *Id*. (*See* Compl. ¶ 37 ("Defendants have maliciously disrupted Plaintiff's business by filing fraudulent complaints with Amazon.").) Plaintiff has made no allegation that Amazon is incorporated under the laws of California, that it maintains its principal place of business in California, that any of Amazon's activities with respect to the takedown notice took place in California, or that Amazon has any presence in California at all. (*See generally* Compl.) As a result, Plaintiff has not alleged any extra-judicial

enforcement directed at this forum.

Plaintiff's remaining allegations do not constitute actions directed at this forum. Plaintiff argues that "Defendants' threats of infringement litigation were purposefully directed at the forum" because the takedown notices related to "Plaintiff's product listings on Amazon.com," and "[i]t is undisputed that Plaintiff's regular and established place of business is in California and that Plaintiff's alleged infringement, if any, is occurring in California." (Opp'n 8.) In support of this argument, Plaintiff cites *Google Inc. v. Rockstar Consortium U.S. LP*, No. 13-CV-5933 CW, 2014 WL 4145506, at *3 (N.D. Cal. Aug. 20, 2014). In that case, the court recognized that even when "'infringement letters are "purposefully directed" at the forum and the declaratory judgment action "arises out of" the letters,'" specific jurisdiction still requires a showing "that the defendant have engaged in '"other activities" directed at the forum and related to the cause of action.'" *Id.* at *7–8 (quoting *Avocent*, 552 F.3d at 1333).

Plaintiff also cites *Campbell Pet Co. v. Miale*, 542 F.3d 879, 886–87 (Fed. Cir. 2008). In *Campbell*, the Federal Circuit concluded the United States District Court for the Western District of Washington erred in concluding it did not have personal jurisdiction over a nonresident defendant because "the defendants took steps to interfere with the plaintiff's business by enlisting a third party to take action against the plaintiff." *Id.* at 887; *see id.* at 887–89. The facts of *Campbell*, however, are readily distinguishable from those of this case. In *Campbell*, the dispute arose after both parties attended a convention in Seattle, Washington. *Campbell*, 542 F.3d at 881–82. The defendant asked the convention manager to remove the plaintiff's display from the convention on the grounds the plaintiff's products allegedly infringed on her patent. *Id.* at 882. The Federal Circuit found it "[o]f critical importance to the issue of personal jurisdiction" that the defendant's "attempts at 'extra-judicial patent enforcement' were targeted at [the plaintiff's] business activities in" the forum and could "fairly be characterized as attempts to limit competition from [the plaintiff] *at the Seattle convention*." *Id.* at 886 (emphasis added). This enforcement went beyond "simply

informing the accused infringer of the patentee's allegations of infringement," *id.*, and instead constituted a direct attempt to use a third party to gain a market advantage *within in the forum*, see *Avocent*, 552 F.3d at 1334 n.3 (distinguishing the facts of *Campbell*).

Here, Plaintiff does not allege Defendants have ever been physically present in this forum, or that they were directing their activities to gain a market advantage in California. Instead, Plaintiff argues that Defendants had a "goal of obliterating [their] competition" generally, and not specifically within this forum. (Compl. ¶ 29.) There is nothing in the complaint to suggest Defendants sought an economic advantage in this forum in a way that is different from the advantage they allegedly sought in the market at large. As a result, Defendants' conduct was not "directed at" this forum, as the benefit of their alleged scheme would be felt equally across all markets.

**B. Sales**

Here, like in *Etekcity*, Plaintiff also "argues that Defendant is subject to personal jurisdiction in this Court because Defendant sells its product in California through Amazon." *Etekcity*, 2019 WL 7945607, at *3. (*See* Opp'n 9 ("Because Defendants' Amazon (and other) sales constitute some of Defendants' contacts with California, this case clearly arises out of such contacts.").) This argument runs contrary to the Federal Circuit's holding that "sales do not constitute such 'other activities' as will support a claim of specific personal jurisdiction over a defendant patentee" in declaratory non-infringement cases. *Avocent*, 552 F.3d at 1336. "While [sales] may in the aggregate justify the exercise of *general* jurisdiction over the patentee, they do not establish a basis for *specific* jurisdiction in this context." *Id.*

This is true even in cases like this one, where a plaintiff brings attendant state law claims "along with its non-infringement claim." *Etekcity*, 2019 WL 7945607, at *3; *see also Maxchief Invs. Ltd. v. Wok & Pan, Ind., Inc.*, 909 F.3d 1134, 1138 n.2 (Fed. Cir. 2018) (recognizing "the personal jurisdiction inquiry for patent declaratory judgment claims . . . focuses on patent enforcement activities directed at residents of a forum" and "[s]hipments and sales of patented products by the patent holder are not enforcement

9

activities, and thus do not qualify as relevant minimum contacts" (ellipsis in original) (citation omitted)). Ultimately, "[s]ales are inconsequential to whether courts have jurisdiction in these cases because '[w]hat the patentee makes, uses, offers to sell, sells, or imports is of no real relevance to the enforcement or defense of a patent, because the federal patent laws do not create any affirmative right to make, use, or sell anything.'" *Etekcity*, 2019 WL 7945607, at *3 (second alteration in original) (quoting *Avocent*, 552 F.3d at 1335).

### C. Leave to Amend

For the foregoing reasons, Plaintiff has not state a prima facie case for the exercise of specific personal jurisdiction over Defendants. Consequently, the Complaint must be dismissed.

The Court next considers whether to grant leave to amend. The Federal Circuit applies "regional circuit law to district court procedural decisions that relate to issues not unique to [its] exclusive jurisdiction, including motions for leave to amend." *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1357 (Fed. Cir. 2021) (internal quotation marks omitted). The Ninth Circuit has "repeatedly held that a district court should grant leave to amend . . . unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal quotation marks omitted). The Court concludes that the defects in the pleading of jurisdictional facts could be cured by an amended complaint. Given the Ninth Circuit's policy of granting leave to amend with "extreme liberality," *Brown v. Stored Value Cards, Inc.*, 953 F.3d 567, 574 (9th Cir. 2020) (internal quotation marks omitted), the Court gives Plaintiff leave to amend.

### IV. CONCLUSION

Because the personal jurisdiction challenge requires dismissal of the Complaint in its entirety, the Court declines to reach Defendants' anti-SLAPP arguments. *See Williams v. Kula*, No. 20-CV-1120 TWR (AHG), 2020 WL 7770915, at *8 (S.D. Cal Dec. 29, 2020) ("[D]eclining to rule on the anti-SLAPP motion makes particular sense

where, as here, the action is dismissed for lack of personal jurisdiction because Defendants cannot have it both ways, claiming both that the Court lacks jurisdiction over them but also seeking an affirmative exercise of the Court's jurisdiction to obtain a fee award." (internal quotation marks omitted)).

The Court GRANTS Defendants' motion to dismiss the Complaint under Rule 12(b)(2) and gives Plaintiff leave to amend. Plaintiff may file an amended complaint within 14 days—if it can do so consistent with this Order and Rule 11(b). Failure to file a timely amended complaint will waive the right to do so. Plaintiff shall attach to the amended complaint a "redline" version showing all additions and deletions of material. (Initial Standing Order § 13, ECF No. 13.) Leave to add new parties or claims must be sought by a separate, properly noticed motion.

**IT IS SO ORDERED.**

Dated: December 16, 2022

MARK C. SCARSI
UNITED STATES DISTRICT JUDGE